UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WHITE III, L.L.C. | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 06-7562<br>REF: ALL CASES |
| TRAVELERS PROPERTY CASUALTY<br>COMPANY OF AMERICA, ET AL. | * | SECTION "L" (2) |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 5). For the following reasons, the Plaintiff's motion is now GRANTED IN PART. Accordingly, Stone Insurance, Inc.'s Motion for Summary Judgment (Rec. Doc. 13) is DENIED as the Court does not have jurisdiction to hear this motion.

## I.     BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiff's various properties located in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Travelers Property Casualty Company of America ("Travelers"), the Plaintiff's commercial insurer for each property, and Stone Insurance, Inc. ("Stone"), the Plaintiff's insurance broker. The Plaintiff's flood insurance policies were issued pursuant to the National Flood Insurance Program.[1] Both the Plaintiff and Stone are citizens of Louisiana; Travelers is a citizen of Connecticut.

---

[1] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

1

In August of 2006, the Plaintiff filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiff seeks a declaratory judgment declaring there to be coverage under its policies. The Plaintiff alleges that it is entitled to payment from Travelers for damages and losses to the properties, in addition to bad-faith penalties under Louisiana law. The Plaintiff also alleges that Stone failed to advise of available coverages and failed to procure adequate insurance.

Stone removed this case to federal court on October 10, 2006, contending that this Court has jurisdiction under any of the following provisions: (1) federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 4072; (2) diversity jurisdiction under 28 U.S.C. § 1332, because Stone is improperly joined and the amount in controversy exceeds $75,000; or (3) the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369. On November 8, 2006, the Plaintiff filed the instant motion to remand.[2]

## II. LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed,

---

[2] Travelers filed a separate notice of removal one day later on October 11, 2006, which was assigned a different civil action number and ultimately was consolidated with this case. As the matter had already been removed from state court, IT IS ORDERED that Civil Action No. 06-7843 is DISMISSED AS DUPLICATIVE. The Court notes Travelers' consent to removal, however, and for purposes of the instant motion the Court will "treat the notices of removal as if they were filed under the same civil action number." *Riles v. Stevens Transport, Inc.*, No. 06-634, 2006 WL 3843029, at * 2-3 (W.D. La. Dec. 28, 2006). Moreover, the Court will consider all potential bases of federal jurisdiction asserted by both Defendants.

"doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### A. Federal Question Jurisdiction

The National Flood Insurance Act grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP"). *See* 42 U.S.C. § 4072. Section 4072 has been held to also apply to suits against private insurers who issue SFIPs under the Write Your Own Program. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005); *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 532-36 (E.D. La. 2006).[3]

Courts in the Eastern District have consistently found that federal question jurisdiction exists when the plaintiff's claim relates to the handling of an SFIP. *See, e.g., Newman v. Allstate Ins. Co.*, No. 06-3757, 2006 WL 2632116 (E.D. La. Sept. 12, 2006); *Breakthrough Realty Unlimited, LLC v. Minor*, No. 06-2420, 2006 WL 2224753 (E.D. La. Aug. 2, 2006). But federal question jurisdiction does not exist when the plaintiff's claim relates only to the procurement of such a policy. *See, e.g., Landry*, 428 F. Supp. 2d at 532-36; *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *3-5 (E.D. La. Sept. 20, 2006). The Court finds that the Plaintiff in this case has asserted claims against Stone related to the procurement of flood insurance only, and thus that federal question jurisdiction does not exist.

---

[3] For a detailed discussion of the National Flood Insurance Act and SFIPs, see *Houck v. State Farm Fire & Casualty Co.*, 194 F. Supp. 2d 452, 454-55 (D.S.C. 2002).

### B. Diversity Jurisdiction

Travelers contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiff and the properly joined Defendant, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Specifically, Travelers asserts that diversity jurisdiction exists because Stone, the non-diverse defendant, was improperly joined and, therefore, that the Court must disregard its citizenship. "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

Travelers asserts that the Plaintiff's claims against Stone are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes a three-year peremptive period for actions against insurance agents. Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, the claim must be dismissed. Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, the claim must be dismissed. Travelers argues that the three-

year peremptive periods commenced when the Plaintiff purchased the policies in 1999. However, without further factual development, the Court cannot conclude that the Plaintiff has no possibility of recovery against Stone in this case. *See, e.g., Maco Serv., Inc. v. Allstate Ins. Co.*, No. 06-8117, 2006 WL 3905002 (E.D. La. Dec. 18, 2006); *S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006). Accordingly, the Court finds that Stone was not improperly joined and, thus, that diversity jurisdiction does not exist in this case. *See, e.g., Alfonso v. State Farm Ins. Co.*, No. 06-6691, 2007 WL 119463 (E.D. La. Jan. 10, 2007).[4]

### C. Multiparty, Multiforum Trial Jurisdiction Act

The Defendants also assert that federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). They contend that removal was proper (1) pursuant to 28 U.S.C. § 1441(e)(1)(A) because this action could have been brought in a United States district court under 28 U.S.C. § 1369 and/or (2) pursuant to 28 U.S.C. § 1441(e)(1)(B) because the Defendant is a party to other actions in this district which were or could have been brought under 28 U.S.C. § 1369.

Section 1369 creates original federal jurisdiction over "any civil action involving

---

[4] Having found that diversity of citizenship does not exist, the Court need not consider whether the amount-in-controversy requirement has been satisfied.
In the alternative, Travelers argues that Stone has been fraudulently misjoined because the Plaintiff's claims against Travelers and Stone arise out of completely separate transactions and occurrences and involve separate issues of law and fact. The Court finds, however, that the joinder of the Plaintiff's claims against Travelers and Stone are not "so egregious as to constitute fraudulent joinder," as these claims arise from damages sustained to the Plaintiff's properties during Hurricanes Katrina. *See Barash v. Encompass Indem. Co.*, No. 06-9438, 2006 WL 3791310, at *5 (E.D. La. Dec. 21, 2006) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), and discussing similar cases).

minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a).  The Eastern District has consistently found that the MMTJA does not confer federal jurisdiction over cases arising out of Hurricane Katrina, in part because the requisite number of deaths did not occur at a "discrete location."  *See, e.g., Case v. ANPAC La. Ins. Co.*, 466 F. Supp. 2d 781, 788-98 (E.D. La. 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).  This Court agrees and finds that the MMTJA does not confer  federal jurisdiction in this case.

### III.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is GRANTED IN PART and that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.  However, the Plaintiff's request for attorneys' fees and costs is DENIED.

IT IS FURTHER ORDERED that Stone's Motion for Summary Judgment (Rec. Doc. 13) is DENIED as the Court does not have jurisdiction to hear this motion.

New Orleans, Louisiana, this   16th   day of    March   , 2007.

*[Signature: Eldon E. Fallon]*

UNITED STATES DISTRICT JUDGE